UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| BERNITA PERKINS-RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-153-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WINTERS INSURANCE AGENCY, INC. | ) | **MEMORANDUM OPINION** |
| and AMCO INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of separate motions to dismiss or to stay this action filed by Defendant AMCO Insurance Company ("AMCO") [Record No. 9] and Defendant Winters Insurance Agency, Inc. ("Winters"). [Record No. 11]  Both Defendants contend that this Court does not have personal jurisdiction over them.  Alternatively, the Defendants argue that this Court should stay these proceedings pending resolution of a declaratory judgment filed in the southern district of Indiana.[1]  Because the Court concludes that it does not have personal jurisdiction over the Defendants, their motions to dismiss will be granted.[2]

---

[1] It appears that the district court in Indiana has now dismissed the action pending before it.  However, inasmuch as the Court has determined that it does not have personal jurisdiction over the Defendants, the Court finds that dismissal of this action, rather than a stay, is proper.

[2] Defendant AMCO has also requested a hearing on the pending motion to dismiss.  Inasmuch as the Court finds that a hearing is not necessary for resolution of the motion, the Court will deny the motion as moot.

This action arose from a car accident that occurred in Pike County on June 20, 2004. Plaintiff Bernita Perkins-Richardson ("Richardson") was a passenger on a motorcycle operated by Charles E. Smith. The insurance carrier for Smith tendered the limits of Smith's policy to Richardson. On April 25, 2005, Richardson sued AMCO, seeking to recover underinsured motorist benefits under an AMCO insurance policy which she alleges was issued to her and her husband, Sam Richardson. The Defendants, however, assert that the policy was issued only to the Plaintiff's husband. AMCO contends that this policy was issued to Sam Richardson prior his marriage to the Plaintiff. According to AMCO, Sam Richardson married the Plaintiff in Clintwood, Virginia in January 2004 "after purchasing his automobile insurance in Indiana" [Record No. 9, p. 4] and that subsequent to the marriage, Mr. Richardson continued to reside in his pre-marital home in Indiana while the Plaintiff continued to live in her pre-martial home in Knott County, Kentucky.

In contrast, the Plaintiff alleges that she and her husband purchased a policy of insurance through Winters with AMCO. [Record No. 1, p. 5] She further claims that "Winters . . . was aware that [she] resided in Kentucky" and "knew that a 2002 Toyota RAV-4 belonging to [her] and listed in the subject policy, was registered in the Commonwealth of Kentucky." [Record No. 1, p. 5]

The parties have indicated that they were involved in a lawsuit in the southern district of Indiana, in which AMCO was seeking, in part, a declaration regarding whether Benita Perkins-Richardson is an insured under the AMCO policy. It appears that the Indiana court has recently

dismissed the action. Resolution of that case, however, has no bearing on whether this Court may exercise personal jurisdiction over the Defendants.

AMCO and Winters argue that a Kentucky court cannot exercise personal jurisdiction over them and that this action must be dismissed for lack of personal jurisdiction. In support of its motion to dismiss, AMCO states that it is a corporation "formed under the laws of the state of Iowa" and has its principal place of business in Iowa. AMCO notes, however, that it is licensed to do business and has a designated process agent in Kentucky but contends that it is not currently doing business in Kentucky and has never conducted business in this state. Winters asserts that it is an Indiana corporation with its principal place of business in Indiana. Unlike AMCO, however, Winters notes that it is not licensed to issue insurance policies in Kentucky. [Record No. 11]

In determining whether there is personal jurisdiction over a party, this Court must consider Kentucky's Long Arm Statute, K.R.S. § 454.210. This statute provides a list of actions that, if done, would give the Commonwealth jurisdiction over a non-resident defendant. The Long-Arm Statute provides, in relevant part, that

> (2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> 1. Transacting any business in this Commonwealth[.]

K.R.S. § 454.210. The purpose of Kentucky's long-arm statute is to insure that Kentucky courts comply with the federal constitutional requirements of due process before asserting personal jurisdiction over nonresident defendants. *Pierce v. Serafin*, 787 S.W.2d 705 (Ky. App. 1990). Courts have interpreted the Kentucky's long-arm statute to extend to the outer limits of the due

process clause. *Id.* at 706; *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123 (6th Cir. 1982). The three criteria for determining the outer limits of personal jurisdiction are as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendants' activities there. Finally, the activities of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.

*Pierce*, 787 S.W.2d at 706 (citing *Tube Turns Division of Chemetron Corp. v. Patterson Co, Inc.*, 562 S.W.2d 99, 100 (Ky. App. 1978)).

Applying the above criteria here, the Court cannot conclude that the Defendants have sufficient contacts with Kentucky for this Court to exercise personal jurisdiction over them. Although AMCO was licensed to do business in Kentucky, it appears that it has not conducted any business in this state. Furthermore, the instant cause of action did not arise out of AMCO's activities in Kentucky. According to Kentucky's long-arm statute, a court may exercise personal jurisdiction over a non-resident corporation *only if* the clam arises from the corporation's tranaction of business in Kentucky. K.R.S. § 454.210(2)(a)(1). In this case, the claim sued upon did not arise by virtue of AMCO having transacted business in Kentucky, but because AMCO issued a liability insurance policy in Indiana to an Indiana resident (Sam Richardson) who later married a woman living in Kentucky who happened to sustain a loss in Kentucky. AMCO did not solicit business from a Kentucky resident or accepted premium payments from a Kentucky resident. Sam Richardson, AMCO's insured, obtained the policy while living in Indiana and continued to reside there.

The Plaintiff argues that both AMCO and Winters have sufficient contacts with Kentucky for this Court to exercise personal jurisdiction over them. Specifically, she asserts that at the time the insurance policy was purchased, Winters was aware that the policy was purchased to cover a vehicle that was registered and garaged in Kentucky. The Plaintiff asserts that by "collect[ing] a fee for procuring insurance on a Kentucky vehicle," Winters "transacted business" in Kentucky and "purposefully availed" itself of the privilege of acting in Kentucky. [Record No. 12] With respect to AMCO, the Plaintiff contends that the Court has personal jurisdiction because AMCO "collect[ed] a premium for insuring a Kentucky registered and garaged vehicle." [Record No. 12] Even if the Plaintiff's factual allegations are true, this Court cannot conclude that AMCO and Winters either acted in this state or caused a consequence in this state such that it would be reasonable for this Court to exercise personal jurisdiction over them.

The Plaintiff has not alleged that she was an insured under the policy. Rather, she asserts that both AMCO and Winters were aware that her vehicle was to be covered under the policy and that it was going to be "garaged" in Kentucky. Again, the AMCO policy was written and delivered in Indiana. AMCO did not solicit business from a Kentucky resident or accept premium payments from a Kentucky resident. With respect to Winters, the Plaintiff contends that Winters knew at the time the policy was issued that she was a Kentucky resident and that one of the covered vehicles was going to remain primarily in Kentucky. Notably, however, Winters is not licensed to do business in Kentucky and the Court cannot conclude, based on these allegations, that Winters has sufficient minimum contacts with Kentucky for this Court to exercise personal jurisdiction under the Kentucky long arm statute.

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** that:

1. Defendant AMCO Insurance Company's motion to dismiss [Record No. 9] is **GRANTED** and the alternative motion to stay this action is **DENIED**;

2. Defendant AMCO Insurance Company's motion for hearing [Record No. 9] is **DENIED**, as moot.

2. Defendant Winters Insurance Agency, Inc.'s motion to dismiss [Record No. 11] is **GRANTED**; and

3. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 7th day of September, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge