UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

BERNITA PERKINS-RICHARDSON,       )
                                  )
        Plaintiff,                )          Civil Action No. 7: 05-153-DCR
                                  )
V.                                )
                                  )
WINTERS INSURANCE AGENCY, INC.    )          **MEMORANDUM OPINION**
and AMCO INSURANCE COMPANY,       )          **AND ORDER**
                                  )
        Defendants.               )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the motions to set aside judgment and for hearing filed by Bernita Perkins-Richardson (Richardson).  [Record No. 15]  The motions are in response to an Order granting AMCO Insurance Company (AMCO) and Winters Insurance Agency, Inc.'s (Winters) motions to dismiss based on lack of personal jurisdiction.  The Defendants have filed responses in opposition to the Plaintiff's motions.

I.      **BACKGROUND**

The case centers around a car accident that occurred in Pike County, Kentucky, on June 20, 2004, in which the Plaintiff was a passenger on a motorcycle operated by Charles E. Smith. The Plaintiff sued the Defendants seeking to recover underinsurance motorist benefits under an AMCO policy which she alleges was issued to her and her husband, Sam Richardson.  The Defendants, however, assert that the policy was issued only to the Plaintiff's husband prior his marriage to the Plaintiff and that after the marriage, Mr. Richardson continued to reside in his pre-marital home in Indiana while the Plaintiff continued to live in her pre-martial home in Knott

-1-

County, Kentucky.  Thus, according to the Defendants, the Plaintiff was not an insured under the policy.

## II.    LEGAL STANDARDS

The Plaintiff has moved the Court to reconsider and set aside its prior Order and judgment pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure.  In *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434 (6th Cir. 1999), the Sixth Circuit set out the standard for evaluating motions brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, holding that:

> Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice.  In addition, it is well-established . . . that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment.

*Id*. at 445 (citations omitted). The party seeking reconsideration cannot simply seek "a second bite of the apple." *Id*. at 445-46.

Federal Rule of Civil Procedure 60(b)(1) permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).  In order to receive Fed.R.Civ.P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect *and* a meritorious claim or defense.  *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980).

III.    ANALYSIS

In considering the Defendants' motions to dismiss, the issue before the Court was whether it had personal jurisdiction over the Defendants. Based on the evidence presented by the parties, the Court concluded that it did not. The Plaintiff, however, alleges that the Court erred in dismissing this action inasmuch as it made a number of incorrect factual conclusions.

First, the Plaintiff argues that the Court incorrectly concluded that "[Richardson] has not alleged that she was an insured under the policy." [Record No. 15] She cites certain paragraphs of the Complaint which she claims supports her assertion that she *alleged* that she was an insured under the AMCO policy. However, even if the Plaintiff did *allege* that she was insured under the AMCO policy, this would not be grounds for setting aside the dismissal order of this Court. While the Plaintiff may have properly *alleged* that she was an insured, the evidence clearly demonstrates that she was not an insured as defined by the AMCO policy. The AMCO policy defines an "insured" as:

1.    You and any "family member" for the ownership, maintenance or use, including loading or unloading, of any auto or "trailer;"
2.    Any person using, including loading and unloading, "your covered auto." This provision does not apply to any person other than:
   a.    you or any "family member;"
   b.    your employees; or
   c.    a lessee or borrower or any of their employees, while moving properly to or from a "covered auto."
3.    For "your covered auto," any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part
4.    For any auto or "trailer" other than "your covered auto," any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or "trailer."

-3-

[Record No. 17, Ex. A, p. 3] A "family member" is defined under the policy as "a person related to [the insured] by blood, marriage or adoption *who is a resident of [the insured's] household*." [Record No. 17, Ex. A, p. 2] The Plaintiff is not a named insured on the policy. Moreover, she is not an "insured" as defined by the AMCO policy based on her status as Sam Richardson's spouse. In order to be an insured under the policy, she was required to be a resident of the same household as Sam Richardson. The Plaintiff has failed to present any evidence to contradict the fact that, after their marriage, Sam Richardson and the Plaintiff did not reside in the same household. According to the Defendants, the Plaintiff continued to reside in her pre-marital home in Kentucky while Sam Richardson continued to live in his home in Indiana. In support of her assertion that she was an insured under the policy, the Plaintiff also notes that her Toyota RAV-4 was a "covered vehicle." However, the mere fact that the Plaintiff's vehicle was a "covered auto" under the policy does in and or itself make the Plaintiff an insured. The policy indicates that, in order to be an insured, a person using a "covered vehicle" must be a family member (*i.e.*, spouse) residing in the named insured's household. The evidence presented to this Court indicates that the Plaintiff and Richardson were not residing in the same household. Thus, the Plaintiff was not an "insured" as defined by the AMCO policy.

Next, the Plaintiff alleges that the Court incorrectly concluded that "AMCO did not transact business in Kentucky, 'or accept (sic) premium payments from a Kentucky resident." However, the Plaintiff fails to acknowledge that the policy was issued solely to Sam Richardson, an Indiana resident. Further, she fails to acknowledge that even though Richardson had the

Toyota RAV-4 added to his policy, he did not have her added as an additional insured.  The Court noted in its prior Order that

> the claim sued upon did not arise by virtue of AMCO having transacted business in Kentucky, but because AMCO issued a liability insurance policy in Indiana to an Indiana resident (Sam Richardson) who later married a woman living in Kentucky who happened to sustain a loss in Kentucky.  AMCO did not solicit business from a Kentucky resident or accept (sic) premium payments from a Kentucky resident.  Sam Richardson, AMCO's insured, obtained the policy while living in Indiana and continued to reside there.

[Record No. 14]  Thus, although AMCO was licensed to do business in Kentucky, the instant cause of action did not arise out of AMCO's activities in Kentucky.  Accordingly, the Court cannot conclude that AMCO had sufficient contacts with Kentucky for this Court to exercise personal jurisdiction over it.

Finally, the Plaintiff alleges that Winters Insurance Agency "purposely availed itself of the privilege to conduct business in [Kentucky] by collecting a fee when it added the Plaintiff's Toyota RAV-4 to the subject policy." [Record No. 15]  In response, Winters states that it has recently acquired evidence that indicates that Richardson called to amend the insurance policy to include the RAV-4 and paid the premium for that vehicle "in cash from his own hand."  The Plaintiff has failed to present any evidence to contradict this assertion.  Thus, based on the evidence presented, the Court cannot conclude that Winters purposely availed itself of the privilege to conduct business in Kentucky.

## IV.    CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

1.      The Plaintiff's motion  motion to set aside the judgment [Record No. 15] is

**DENIED**; and

2.      The Plaintiff's motion for hearing [Record No. 15] is **DENIED**.

This 28th day of November, 2005.

Signed By:

_**Danny C. Reeves**_   DCR

**United States District Judge**